FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 2 8 2026

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

Todd Blanche
Deputy Attorney General of the United States
Lisa C. Cartier Giroux
Assistant United States Attorney
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

MANUEL VARGAS, JR.,

Defendant.

Case No.: 2:25-CR-00154-RLP

Plea Agreement

Plaintiff United States of America, by and through Lisa C. Cartier Giroux, Assistant United States Attorney for the Eastern District of Washington, and Defendant Manuel Vargas, Jr. ("Defendant"), both individually and by and through Defendant's counsel, J. Gregory Lockwood, agree to the following Plea Agreement.

1.    Guilty Plea and Maximum Statutory Penalties

Defendant agrees to enter a plea of guilty to Counts 2 and 5 of the Indictment filed on October 9, 2025, which charge *Possession with Intent to Distribute 50 Grams or More of Actual (Pure) Methamphetamine*, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), a Class A felony, and *Felon in Possession of Firearm and Ammunition*, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), a Class C felony, respectively.

PLEA AGREEMENT - 1

Defendant understands the Court can run the terms of incarceration listed below consecutively.

      a. *Count 2*:

As Defendant has a previous "serious drug felony" as defined under 21 U.S.C. § 802(58), Defendant understands that the following potential penalties apply:

    i.    a term of imprisonment of not less than 15 years and up to a lifetime;

    ii.    a term of supervised release of not less than 10 years and up to a lifetime;

    iii.    a fine of up to $20,000,000; and

    iv.    a $100 special penalty assessment.

Defendant waives any additional notice of this previous "serious drug offense" under 21 U.S.C. § 851.

      b. *Count 5*:

Defendant understands that the following potential penalties apply:

    i.    a term of imprisonment of no more than 15 years;

    ii.    a term of supervised release of not more than 3 years;

    iii.    a fine of up to $250,000; and

    iv.    a $100 special penalty assessment.

2.   <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, up to the following terms:

PLEA AGREEMENT - 2

    a.    5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

    b.    3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

    c.    2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3.    <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

    a.    sentencing is a matter solely within the discretion of the Court;

    b.    the Court is under no obligation to accept any recommendations made by the United States or Defendant;

    c.    the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

    d.    the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

    e.    the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

    f.    the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant

PLEA AGREEMENT - 3

to withdraw from this Plea Agreement or Defendant's guilty plea.

4.    Potential Immigration Consequences of Guilty Plea

If Defendant is not a citizen of the United States, Defendant understands the following:

    a.    pleading guilty in this case may have immigration consequences;

    b.    a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

    c.    removal from the United States and other immigration consequences are the subject of separate proceedings; and

    d.    no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5.    Waiver of Constitutional Rights

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

    a.    the right to a jury trial;

    b.    the right to see, hear and question the witnesses;

    c.    the right to remain silent at trial;

    d.    the right to testify at trial; and

    e.    the right to compel witnesses to testify.

PLEA AGREEMENT - 4

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6.    Denial of Federal Benefits

Defendant understands that by entering this plea of guilty to Count 2, Defendant may no longer be eligible for assistance under any state program funded under part A of Title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Defendant also understands that the Court may deny Defendant's eligibility for any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States. 21 U.S.C. § 862.

7.    Admissibility of Facts and Prior Statements

By signing this Plea Agreement, Defendant admits the truth of the facts set forth in the Factual Basis section of this Plea Agreement and agrees that these facts, along with any written or oral statements Defendant makes in court, shall be deemed usable and admissible against Defendant in any subsequent legal proceeding, including criminal trials and/or sentencing hearings, under Federal Rule of Evidence 801(d)(2)(A).

Defendant acknowledges, admits, and agrees that by signing this Plea Agreement, Defendant is expressly modifying and waiving Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410

PLEA AGREEMENT - 5

regarding any facts Defendant admits and/or any statements Defendant makes in court.

8. Elements of the Offenses

a. *Count 2*

The United States and Defendant agree that to convict Defendant of Count 2, *Possession with Intent to Distribute 50 Grams or More of Actual Methamphetamine*, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), the United States would have to prove the following beyond a reasonable doubt.

    i.    *First*, on or about September 25, 2025, within the Eastern District of Washington, Defendant knowingly possessed a federally controlled substance, to wit: methamphetamine;

    ii.    *Second*, Defendant possessed it with the intent to distribute it to another person; and

    iii.    *Third*, the controlled substance that Defendant possessed with the intent to distribute contained more than 50 grams of actual (pure) methamphetamine.

b. *Count 5*

The United States and Defendant agree that to convict Defendant of Count 5, *Felon in Possession of Firearm and Ammunition*, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), the United States would have to prove the following beyond a reasonable doubt.

    i.    *First*, on or about September 25, 2025, within the Eastern District of Washington, Defendant knowingly possessed a firearm, to wit: a Sig Sauer P365 9mm pistol bearing serial number 66A379526 loaded with 9mm ammunition;

    ii.    *Second*, at the time Defendant possessed the firearm and ammunition, Defendant had been convicted of a crime

PLEA AGREEMENT - 6

punishable by imprisonment for a term exceeding one year;

    iii.    *Third*, at the time Defendant possessed the firearm and ammunition, Defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

    iv.    *Fourth,* the firearm and ammunition had been shipped from one state to another.

9.    <u>Factual Basis and Statement of Facts</u>

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing.

Defendant was previously convicted in the Eastern District of Washington for *Possession with Intent to Distribute 50 Grams or More of Methamphetamine* in case number 2:10-CR-00038-MKD. He received a sentence of 151 months and 15 years of supervised release on August 27, 2010. Defendant was released on supervision on October 1, 2019. Based on the investigation, since as early as September 2024 and while on federal supervised release, Defendant was working for a drug trafficking organization based out of Mexico to distribute controlled substances in the Eastern District of Washington.

On September 25, 2025, a federal search warrant was executed on Defendant's residence on Trent Ave in Spokane Valley, WA. During the execution of the search warrant agents detained the occupants, Defendant and A.D.

PLEA AGREEMENT - 7

During a post-*Miranda* interview, Defendant stated that A.D. was his girlfriend, but that she did not live at the residence and was not involved with anything found at or associated with the residence. During the search of the residence, agents located and seized what the Drug Enforcement Administration Laboratory tested and determined to be approximately 113.3 grams of actual (pure) methamphetamine in a clear plastic bag[1] and approximately 72.88 grams of fentanyl[2] in wrapped packages in a backpack. Agents also located and seized a firearm, a Sig Sauer P365 9mm pistol loaded with 9mm ammunition, from the same backpack. Scales and empty Ziplock bags used to package controlled substances were also located during the search.

Defendant stipulates and agrees that he possessed the controlled substances with the intent to distribute them to others. Defendant further stipulates and agrees the methamphetamine seized from his residence that he intended to distribute to others contained more than 50 grams of actual (pure) methamphetamine.

Defendant stipulates and agrees that at the time he committed the conduct charged in the indictment, Defendant had previously been convicted in Case Number 2:10-CR-00038-RLP of a "serious drug felony" as defined in 18 U.S.C. § 924(e)(2), for which he served a term of imprisonment of more than 12 months, and that he was released from imprisonment within 15 years of committing the offenses charged in this indictment (2:25-CR-00154-RLP) and for which he is pleading guilty.

Defendant stipulates and agrees that the firearm and all rounds of 9mm ammunition were manufactured outside of the State of Washington and therefore the firearm and ammunition had been shipped from one state to another for the firearm and ammunition to be located in the State of Washington on September 25, 2025.

---

[1] DEA Exhibit 1300.

[2] DEA Exhibits 1301, 1302, and 1303.

PLEA AGREEMENT - 8

Defendant stipulates and agrees that at the time Defendant possessed the firearm and ammunition, Defendant was previously convicted of a crime punishable by imprisonment for a term exceeding one year, and he knew that he had been convicted of such a crime.

The aforementioned events occurred in the Eastern District of Washington.

10.    The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees that at the time of sentencing, the United States will move to dismiss Counts 1, 3, and 4 of the Indictment filed on October 9, 2025.

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

11.    United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("USSG" or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

   a.    *Count 2*

      i.  Base Offense Level

Based upon the total amounts distributed during observed buys and seized during the execution of the search warrant, the parties agree that more than 10,000 kilograms but less than 30,000 of converted drug weight[3] was possessed by

---

[3] Given multiple controlled substances were present, the parties are recommending the use of the drug equivalency table. *See* USSG § 2D1.1 cmt. 8. Included in the calculation are the following lab results: DEA Exhibits 19, 1300, 1301, 1302, and 1303.

PLEA AGREEMENT - 9

Defendant with the intent to distribute to others and that Defendant's relevant conduct for sentencing purposes should be calculated based upon this amount. Therefore, the parties agree and stipulate that his base offense level is 34. *See* USSG §2D1.1(a)(5), (c)(3); USSG §1B1.3.

ii.    Special Offense Characteristics

The parties agree that an additional two levels should be applied as Defendant possessed the firearm in connection with the offense. *See* USSG §2D1.1(b)(1).

iii.    Safety Valve

The parties agree that Defendant is not "safety valve" eligible. *See* USSG §2D1.1(b)(18); USSG §5C1.2; 18 U.S.C. § 3553(f).

b.    *Count 5*

i.  Base Offense Level

The United States and Defendant stipulate and agree to recommend to the Court the Base Offense Level is 20, as Defendant is prohibited and committed any part of the instant offense after sustaining a felony conviction for a controlled substance offense. *See* USSG §2K2.1(a)(4).

ii.    Special Offense Characteristics

The parties agree that an additional four levels should be applied for use or possession of a firearm in connection with another felony offense, specifically possession of controlled substances with intent to distribute. *See* USSG §2D1.1(b)(7).

c.    *Grouping*

Count 2 Group 1: Possession with Intent to Distribute

Count 5 Group 1: Felon in Possession Firearm

*See* USSG §3D1.2.

Adjusted Offense Level: 36

*See* USSG §2D1.3(a).

PLEA AGREEMENT - 10

d.    *Acceptance of Responsibility*

The United States will recommend that Defendant receive a downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a), (b), if Defendant does the following:

    i.    accepts this Plea Agreement;

    ii.    enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

    iii.    demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

    iv.    provides complete and accurate information during the sentencing process; and

    v.    does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

e.    *Agreements Regarding Representations to the Court*

The United States has a duty of candor to the tribunal. If the United States and Defendant do not agree on the appropriate length of incarceration, the appropriate length or applicable terms of supervised release, and/or the correct guidelines calculations, variances, departures, and/or enhancements, the United States reserves the right to respond to any and all arguments made by Defendant, on any bases the United States deems appropriate, at all stages of this criminal case.

Defendant may make any arguments it deems appropriate, at all stages of this criminal case.

PLEA AGREEMENT - 11

With regard to all briefing, submissions, and hearings in this criminal case, the United States and Defendant agree to the following provisions:

i.      The United States and Defendant may each respond to any questions from the Court or United States Probation Office;

ii.     The United States and Defendant may each supplement the facts under consideration by the Court by providing information the United States or Defendant deems relevant;

iii.    The United States and Defendant may each present and argue any additional facts that the United States or Defendant believe are relevant to the Sentencing Guidelines computation or sentencing;

iv.    The United States and Defendant may each present and argue information that may already be known to the Court, including information contained in the Presentence Investigation Report;

v.     The United States and Defendant may each respond to any arguments presented by the other;

vi.    In order to support the United States' sentencing recommendation as set forth herein, the United States may oppose and argue against any defense argument or any recommendation for any sentence lower than the sentence recommended by the United States on any basis, including arguments for a lower offense level, a lower criminal history calculation, the application or non-application of any sentencing enhancement or departure,

PLEA AGREEMENT - 12

and/or any variance from the Guidelines range as calculated by the Court;

vii.    In order to support the defense sentencing recommendation as set forth herein, Defendant may oppose and argue against any argument by the United States, or any recommendation for any sentence higher than the sentence recommended by the defense on any basis, including arguments for a higher offense level, a higher criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

viii.    The United States may make any sentencing arguments the United States deems appropriate so long as they are consistent with this Plea Agreement, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Plea Agreement, and Defendant's relevant conduct; and

ix.    Defendant may make any sentencing arguments consistent with this Plea Agreement Defendant deems appropriate.

f.    *No Other Agreements*

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances.

g.    *Criminal History*

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be

PLEA AGREEMENT - 13

determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

12. Incarceration

At the time of Defendant's original sentencing in the District Court, the United States agrees to make a sentencing recommendation to the Court that is consistent with this Plea Agreement. The United States' agreement to make such a recommendation is limited exclusively to the time of Defendant's original sentencing in the District Court. The United States' agreement to make such a recommendation does not prohibit or limit in any way the United States' ability to argue for or against any future sentencing modification that takes place after Defendant's original sentencing in the District Court, whether that modification consists of an amendment to the Guidelines, a change to a statutory minimum or maximum sentence, any form of compassionate release, any violation of Supervised Release, or any other modification that is known or unknown to the parties at the time of Defendant's original criminal sentencing. In this Plea Agreement, the United States makes no promises or representations about what positions the United States will take or recommendations the United States will make in any proceeding that occurs after Defendant's original sentencing in the District Court.

The United States and Defendant agree to jointly recommend a total sentence of 180 months of incarceration. The United States will recommend a sentence of 180 months on Count 2 to run concurrently to 120 months on Count 5.

The United States will defer to the Court as to the sentence imposed on Defendant's violations of supervised release in Case No. 2:10-CR-00038-RLP but will request that any term of imprisonment run consecutively to the sentence imposed in this matter. Defendant can make any legal recommendation as to sentencing in 2:10-CR-00038-RLP.

PLEA AGREEMENT - 14

13. Supervised Release

The United States and Defendant each agree to recommend 15 years of supervised release. Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

a. The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

b. Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

c. Defendant shall complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to the Defendant's ability.

14. Judicial Forfeiture

Defendant agrees to voluntarily forfeit all right, title and interest he has in the following listed assets in favor of the United States, including, but not limited to:

- a Sig Sauer P365 9mm pistol bearing serial number 66A379526 and

PLEA AGREEMENT - 15

loaded ammunition

Defendant acknowledges that the firearm and ammunition covered by this agreement are subject to forfeiture to the United States pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as property facilitating or involved in the illegal conduct to which Defendant is pleading guilty.

Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States, to include the execution of all forms and pleadings if necessary to effectuate the forfeiture of the assets, and to testify truthfully in any forfeiture proceeding.

Defendant agrees to hold all law enforcement and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset(s) covered by this agreement. Defendant consents to the forfeiture and disposal of assets without further notice.

Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s). Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

15.   Criminal Fine

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

PLEA AGREEMENT - 16

16.   Mandatory Special Penalty Assessment

Defendant agrees to pay the $100 mandatory special penalty assessment per count of conviction to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

17.   Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

18.   Additional Violations of Law Can Void Plea Agreement

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

19.   Waiver of Appeal Rights

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

In return for the concessions that the United States has made in this Plea Agreement, Defendant expressly waives any and all of Defendant's rights to appeal any and all aspects of Defendant's conviction and any and all aspects of the sentence the Court imposes, on any and all grounds.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

PLEA AGREEMENT - 17

Defendant expressly waives Defendant's right, even if otherwise authorized by the United States Constitution or federal law, to challenge in the district court, to move to withdraw Defendant's plea based on, or to appeal the validity and/or entry of, any and all charging instruments, any and all plea agreements, any and all pleadings, any and all communications between any and all defense counsel and any and all Assistant United States Attorneys, and/or any and all guilty pleas in the above-captioned matter based on any and all arguments that the United States, the United States Attorney's Office for the Eastern District of Washington, the Deputy Attorney General, any and all First Assistant United States Attorneys for the Eastern District of Washington, any and all Criminal Chiefs for the United States Attorney's Office for the Eastern District of Washington, any and all Assistant United States Attorneys for the Eastern District of Washington, and/or any and all attorneys for the government, are in any way unauthorized to bring, seek, file, and/or resolve any and all aspects of the above-captioned matter, case, and/or charges.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

20. Withdrawal or Vacatur of Defendant's Plea

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

a. Any obligations, commitments, or representations made by the United States in this Plea Agreement shall become null and void;

PLEA AGREEMENT - 18

b.    The United States may prosecute Defendant on all available charges;

c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

d.    The United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim alleging a violation of Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

21.    Integration Clause

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

PLEA AGREEMENT - 19

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

_____    4-28-2026
Lisa C. Cartier Giroux                          _____
Assistant United States Attorney              Date

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____    4-28-26
Manuel Vargas, Jr.                             _____
Defendant                                          Date

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____    4-28-26
J. Gregory Lockwood                          _____
Attorney for Defendant                         Date

PLEA AGREEMENT - 20